STATE, ON RELATION OF A. VIERRA, v. THE LUSITANIAN PORTUGUESE SO-
CIETY OF NEW ORLEANS.

15    73
51    945

On the hearing upon the return of the *mandamus nisi*, at least in cases against other than judicial officers, the relator may either rely upon the insufficiency of the return alone, or he may traverse the same by proof, without any formal answer, and thereupon the answer and the proof will be considered together.

But he cannot, after having failed in one mode of trial, resort to the other.

APPEAL from the Sixth District Court of New Orleans, *Howell, J.*
*C. V. Jonte* and *Lacy.& Upton,* for plaintiff. *W. D. Hennen,* for defendant and appellant.

MERRICK, C. J.   The relator applied to the Sixth District Court of New Orleans, for a writ of *mandamus,* in order to be restored to membership in the above named benevolent association.   He complains that he has been removed without cause, without trial, and without notice.

The defendant makes return to the writ issued in the alternative, under Art. 841 of the Code of Practice.

The answer states, that the association was formed on the 28th of August, 1848, and a code of by-laws were adopted in September following ; that on the 19th of April, 1851, the association was incorporated under the laws of the State, which adopted said by-laws; that relator was formerly a member of the association, but instead of performing his duties, as falsely alleged in his petition, he has been guilty of gross violation of his duty as a corporator, bitterly opposing and materially injuring the vital interests of the corporation, and conducting himself in such a manner as not only to counteract the efforts of other members in effecting the objects of the association, but also to destroy its very existence. The answer then specifies the acts, such as getting up counter-celebrations ; inducing one hundred members to refuse to pay their dues ; organizing another corporation in order to draw away the members from this ; and by slander and pursuasion inducing sixty members to withdraw and join such new corporation ; disturbing the regular meetings of the society, by heaping approbious epithets upon the President, accompanied by loud oaths and low profanity ; that when notified to attend his trial for said offence, he brought into the meeting a band of confederates and, with force and arms, prevented all discussion, stopped the proceedings, and by ruffianism and a breach of the peace, broke up the meeting, which was thus forced to dissolve ; that a second meeting was called for his trial, and the relator again notified to appear, whereupon the same scenes were reënacted as before, and the President perceiving no trial could be had whilst the relator and his confederates were present, adjourned the meeting ; that afterwards, on the 8th of October, 1858, at a general meeting, the conduct of the said relator was considered, and he was expelled from the society ; that by the by-laws, a majority of the board of administrators have the power to expel members guilty of unworthy conduct, and that the relator only seeks to be restored in order to injure and ultimately destroy the corporation itself.

On the return of the writ, the relator proceded to introduce some proof, but subsequently he filed, what he styles, peremptory exceptions to the return, based upon the following grounds, viz :

10

1st. That the facts and allegations set forth in the return, do not form legal grounds for the disfranchisement of relator.

2d. No notice to attend the meeting at which relator was expelled, is shown by the return.

3d. Respondents, at the time of relators expulsion, had and took no evidence of the facts relied upon to sustain the expulsion.

4th. Relator was not, according to the return, tried by the board of administrators, and he had the right to be under the by-laws and act of incorporation, which is made part of the return.

The case was, thereupon, tried upon the answer, which was taken as true. The latter being deemed insufficient, there was judgment in favor of the relator, awarding a peremptory *mandamus* for his restoration as a corporator.

The first objection made to the return, viz, that it does not show any legal ground for the eviction of relator, has not been much insisted upon in this court. Indeed, as the facts stated in the answer are fully admitted, it is sufficiently established, that there was abundant cause for his removal. See Angel & Ames, p. 360, ed. 1843.

The appellee relies for an affirmance of the judgment, mainly upon these two grounds, viz :

First. *That relator was not notified to appear at the meeting of October 8th, 1858, at which he was expelled ; and that, for want of such notice, the trial and expulsion was illegal.*

Second. *Relator was tried at a " general meeting" of the association ; he was entitled to a trial by the " board of administrators" ; the trial and expulsion were consequently null and void.*

The proceeding by *mandamus*, in our law, is, to some extent, an equitable remedy, and it may issue when the law has assigned no relief by the ordinary means, *and where justice and reason* require that some mode should exist of redressing a wrong or an abuse of any nature whatever. C. P. 830. As the converse of this, it would seem, that the court might examine the justice and reason of the relator's demand, before it awarded him the equitable relief of the writ. Like all other suitors, he ought to come into court with clean hands.

The present relator, by admitting the truth of the return, has admitted that his conduct has been hostile to, and subversive of the interests of the corporation ; that he has been laboring to break down the same, and has prevented the association from receiving the dues of its members, many of whom he has also enticed away, and that he seeks to be restored only for the purpose of injuring the interests, opposing the government, and destroying the corporation itself.

That he has been *removed*, is admitted by the petition and the suit which he prosecutes. We have already said, that there were sufficient grounds to justify his eviction.

The question is then resolved into this, ought the court to restore a corporator against a mere informality induced by himself, when it is evident there were just grounds for his eviction, and he seeks the occasion, through his restoration, to inflict further injuries upon the corporation ?

At common law, it was necessary that the return to the writ of *mandamus* should be certain in every particular. This arose from the rules of the common law, which (as in the case of Sheriff's returns) did not permit a party to controvert the return to a writ of *mandamus*.

This was remedied by the statute of 9th Anne, chap. 20, which permitted parties to traverse the return to the writ.

It does not appear to us, that the extraordinary strictness of the rules of the common law is applicable to our system. The common law authorities must, therefore, be received with some allowance.

The relator complains that he has been removed in his absence without notice, and that it is against common right, that one should be condemned without a hearing.

This is in general true, as remarked by defendant's counsel, the maxim is not without qualification, viz, where the party is contumacious. *Nemo inauditus condemnari debet* SI NON SIT CONTUMAX.

In the case under consideration, the relator, after having done acts forming a just ground for his eviction, was twice duly cited to take his trial before the administrators, in order that such sentence might be pronounced as his conduct merited, under the by-laws. On these two occasions, it appears by the return, he broke up the meeting and prevented a sentence, by ruffianism and violence. At the third meeting, he was not present, because it had become evident that his case could not be deliberated upon in his presence, without a breach of the peace. Perhaps the more legal mode would have been to have procured the arrest of the relator, and to have held him to bail to keep the peace. But the question before us is, not whether the acts on the part of the defendant were strictly legal in every respect, but whether the plaintiff is entitled to the equitable relief he asks.

It is quite evident that judgment ought to have been rendered against him by the administrators when he was cited before them, because there were ample grounds for such a decree ; and it is further evident, that the administrators were prevented from doing their duty, by the violence of relator, and so it appears that the irregularity of which he complains, was the consequence of his own acts. He will call upon the equitable powers of this court in vain, to restore him to a position where he can renew his disturbances or have a third opportunity of insulting the board of administrators convened for his trial.

On the hearing upon the return of the *mandamus nisi*, at least in cases against other than judicial officers, the relator may either rely upon the insufficiency of the return alone, or he may traverse the same by proof without any formal answer to the same, and thereupon the answer and the proof will be considered together. See 5 An. 294.

But he cannot, after having failed in the one mode of trial, resort to the other.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant ; and that the relator pay the costs of both courts.